IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. PD-1642-07






SERGIO VELA BARRERA, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S MOTION TO ABATE APPEAL


IN CAUSE NO. 13-03-707-CR FROM THE 13TH COURT OF APPEALS


HIDALGO COUNTY






 Per Curiam.


O P I N I O N



 A jury convicted appellant of murder and assessed his punishment at imprisonment
for 99 years and a fine of $10,000. When pronouncing the sentence, the trial court further
ordered appellant to pay restitution in the amount of $12,000 to the family of the victim
for funeral expenses. The court of appeals held that the trial court's restitution order
lacked a sufficient evidentiary basis, and it ordered the trial court to delete the restitution
order from the trial court's judgment. Barrera v. State, 235 S.W.3d 326, 332-33 (Tex.
App.-Corpus Christi 2007). 

 The State filed a petition for discretionary review asserting one ground for review,
which we granted. See Tex. R. App. P. 66.3(c). On September 10, 2008, we delivered an
opinion in which we sustained the State's ground for review, reversed that part of the
court of appeals' judgment that deleted the trial court's restitution order, and remanded
the case to the trial court for a new restitution hearing. Barrera v. State, S.W.3d ,
No. PD-1642-07 (Tex. Crim. App. Sept. 10, 2008). This Court had just granted the
State's motion for an extension of time in which to file a motion for rehearing.

 Appellant has died, and his counsel has filed a "Motion to Rehear and to
Permanently Abate the Appeal." Attached to the motion is a copy of appellant's
certificate of death. The certificate recites that appellant died on May 1, 2008.

 The death of an appellant during the pendency of an appeal deprives both this
Court and the court of appeals of jurisdiction. See Garcia v. State, 840 S.W.2d 957, 958
(Tex. Crim. App. 1992). Accordingly, we grant appellant's motion, withdraw our opinion
in the case, and order all further proceedings in the case permanently abated. 


Delivered: November 26, 2008

Do not publish